IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY A. ODOM, SR.,** *et al.*, | ) |
| | ) |
|     **Plaintiffs / Counter-Defendants,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 09-0147-WS-N** |
| | ) |
| **SOUTHEAST SUPPLY HEADER, LLC,** | ) |
| | ) |
|     **Defendant / Counter-Plaintiff.** | ) |

**ORDER**

    This matter comes before the Court on the Motion to Strike (doc. 14) filed by plaintiffs / counter-defendants, Larry A. Odom, Sr. and Judy Odom (the "Odoms"). Defendant / counter-plaintiff, Southeast Supply Header, LLC ("SESH"), has filed a Response (doc. 17), and the Odoms elected not to submit a reply within the time allotted. Briefing having closed, the Motion is now ripe for disposition.[1]

    This lawsuit arises from an easement agreement entered into between SESH and the Odoms, pursuant to which SESH was authorized to install a natural gas pipeline on the Odom's property in Mobile County, Alabama. The Odoms' Complaint alleges that SESH installed the pipeline in the wrong place on plaintiffs' property, then refused to relocate the pipeline after the error was brought to its attention. Plaintiffs maintain that the result of SESH's conduct (which plaintiffs characterize as being deliberate, intentional or reckless) is that a strip of "no-man's land" has been created on the Odoms' property, diminishing the value of such property and causing plaintiffs to suffer severe mental anguish. On that basis, the Odoms filed suit in federal court alleging state-law claims of misrepresentation, continuing trespass, nuisance, and violation of the Alabama Eminent Domain Code, Ala. Code §§ 18-1A-1 *et seq.* Plaintiffs demand

---

[1]    The Odoms have requested oral argument on their Motion. Pursuant to Local Rule 7.3, the Court in its discretion may rule on any motion without oral argument. Given the straightforward matters presented and the fact that the Odoms squandered a full and fair opportunity to be heard in writing, the request for oral argument is **denied**.

compensatory damages for diminution of property value and mental anguish, plus punitive damages.  Pursuant to Rule 13, Fed.R.Civ.P., SESH filed a Counterclaim (doc. 9) against the Odoms seeking a declaratory judgment that SESH's actions were in conformity with the easement agreement, alternatively requesting reformation of that agreement on grounds of mutual mistake, and claiming damages for abuse of process.

In a cursory, two-page Motion to Strike, devoid of any citations to authorities (either Federal Rules of Civil Procedure or case law), the Odoms ask that SESH's Counterclaim be stricken.[2]  Insofar as plaintiffs' position can be gleaned from their skeletal Motion, they contend that the Counterclaim should be stricken for the following reasons: (1) the Odoms disagree with SESH's interpretation of the easement agreement, and believe that interpretation to be "contrary to the law of construction of documents"; (2) because SESH purportedly misreads the easement agreement, all counts of the Counterclaim "fail to state a cause of action on which relief can be granted"; (3) the reformation cause of action fails to state a claim because SESH drafted the easement agreement in the first place; and (4) the allegations set forth in SESH's abuse of process claim are, according to the Odoms, "inflammatory, prejudicial, untrue, unfounded, ... without factual predicate, [and] fail on their face to state a claim."  (Doc. 14, at 1-2.)

To the extent that plaintiffs are asking for the Counterclaim to be stricken pursuant to Rule 12(f), Fed.R.Civ.P., that request is **denied**.  Rule 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *Id.*  Striking a pleading on Rule 12(f) grounds is a drastic, disfavored remedy.  *See, e.g., Exhibit Icons, LLC v. XP Companies, LLC*, --- F. Supp.2d ----, 2009 WL 806794, *12 (S.D. Fla. Mar. 26, 2009) ("Motions to strike ... are generally disfavored ... [because] courts consider striking a pleading to be a drastic remedy to be resorted to only when required for the purposes of justice.") (citations and internal quotation marks omitted); *Stephens v. Trust for Public Land*, 479 F. Supp.2d 1341, 1346 (N.D. Ga. 2007) (noting that a motion to strike is a "drastic remedy" and that such motions "are rarely granted absent a showing

---

[2]  Contemporaneously with their Motion, the Odoms filed an Answer (doc. 15) to the Counterclaim, wherein they reiterated many of the same assertions set forth in their Motion, albeit recast as affirmative defenses instead of grounds for striking the pleading.

of prejudice"); *BB In Technology Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (opining that Rule 12(f) motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"); *126th Ave. Landfill, Inc. v. Pinellas County, Fla.*, 2009 WL 1544030, *2 (M.D. Fla. June 3, 2009) (federal court "will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party"). Plaintiffs have made no showing that the Counterclaim is prejudicial to them, that SESH's allegations therein have no relationship to the controversy, or that the purposes of justice require that they be stricken. At most, the Odoms have argued that all three causes of action set forth in the Counterclaim lack merit and that they contest the factual underpinnings of Count Three. The mere presence of legal and factual disputes, without more, hardly justifies the extreme and disfavored remedy of striking SESH's pleading pursuant to Rule 12(f).[3]

To the extent that the Odoms intend to argue that the Counterclaim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, that request is likewise **denied**. For starters, plaintiffs have not complied with the clear requirement in this District Court that "[a]ny motion filed pursuant to Rule 12(b) ... of the Federal Rules of Civil Procedure must be supported by a brief. Failure to file a brief may result in the denial of the motion." Local Rule 7.1(a). That omission, and the resulting vagueness of plaintiffs' motion, warrant denial of their purported Rule 12(b)(6) motion. Moreover, the Eleventh Circuit has

---

[3] To be sure, the Motion to Strike includes a conclusory assertion that the allegations of Count Three are "inflammatory, prejudicial, untrue, unfounded, and without factual predicate." (Doc. 14, at 2.) But review of Count Three reveals nothing improper in its supporting allegations. In particular, SESH alleges that Mr. Odom has engaged in a campaign of threatening, abusive, interfering, and harassing conduct toward SESH throughout the pipeline easement and installation project. Such allegations, if proven at trial, at least arguably support an abuse of process cause of action under Alabama law; therefore, they are directly germane to this dispute and are not gratuitously inflammatory or prejudicial. And plaintiffs' insistence that the factual allegations of Count Three are false is certainly not a basis for striking them at the outset of this litigation on counsel's mere say-so. *See, e.g., Taylor v. Holiday Isle, LLC*, 561 F. Supp.2d 1269, 1275 n.11 (S.D. Ala. 2008) ("Unadorned representations of counsel in a ... brief are not a substitute for appropriate record evidence.").

explained that "the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is exceedingly low." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). It is well settled that "[a] motion to dismiss does not test the merits of a case, but only requires that the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above the speculative level." *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1037 (11th Cir. 2008) (citations and internal quotation marks omitted).

Clearly, the Odoms disagree with both SESH's factual allegations and the legal theories on which the Counterclaim hinges. Nevertheless, the Court is satisfied that all three causes of action in the Counterclaim state claims that are sufficient to raise SESH's right to relief above a speculative level. In Count One, SESH's construction of the "limited margin of error" language in the easement agreement may or may not be correct, but it is sufficiently plausible to survive Rule 12(b)(6) scrutiny. In Count Two, SESH has alleged sufficient facts to state a colorable claim for reformation of the agreement on the ground of mutual mistake, based on what defendant characterizes as the parties' shared intent in entering into such agreement. And Count Three details a barrage of purportedly harassing, malicious and abusive conduct by Mr. Odom that, if accepted as true, would support a non-speculative (whether or not ultimately meritorious) claim for abuse of process under Alabama law. *See, e.g., Moon v. Pillion*, 2 So.3d 842, 846 (Ala. 2008) ("[I]n order to prove the tort of abuse of process, a plaintiff must prove: (1) the existence of an ulterior purpose; 2) a wrongful use of process, and 3) malice.") (citations and internal quotation marks omitted). The Odoms have presented no argument to the contrary, and offer no legal analysis that the allegations of Count Three fail to establish a non-speculative right to relief. If there are legal defects in SESH's abuse of process theory, the Odoms have not identified them. This Court will not endeavor to articulate plaintiffs' legal arguments for them. In short, now is not the time to adjudicate these causes of action on the merits, in advance of discovery and with only meager briefing by the Odoms.

For all of these reasons, the Motion to Strike (doc. 14) is **denied**.[4]

---

[4] In its brief, SESH questions whether the requisite amount in controversy for federal subject matter jurisdiction to attach under 28 U.S.C. § 1332 is satisfied here. SESH states that it "will be pleased to brief this issue further as and when the Court desires." (Doc. 17, at 6.) On its face, the Complaint alleges that "[t]he amount in controversy without interest and

DONE and ORDERED this 11th day of June, 2009.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE

---

costs exceeds the sum or value specified by 28 U.S.C. § 1332." (Doc. 1, ¶ 1.) Where a plaintiff claims a sufficient sum to satisfy the amount in controversy requirement, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) (explaining that deferential "legal certainty" standard "give[s] great weight to plaintiff's assessment of the value of plaintiff's case") (citation omitted). Here, plaintiffs have expressly pleaded that the $75,000 threshold is in controversy, thereby triggering the strict "legal certainty" standard. It is not obvious to the Court that, to a legal certainty, the amount in controversy here is actually less than $75,000, given plaintiffs' claims of diminution in property value, mental anguish and punitive damages. This assessment is heightened by SESH's admission that it paid the Odoms $120,000 for the easement that lies at the heart of this litigation. If, notwithstanding these allegations, SESH believes it to be apparent to a legal certainty that the Odoms cannot recover the requisite amount in controversy, then SESH should file an appropriate, properly supported Rule 12(b)(1) motion without delay, and without awaiting a specific judicial directive or invitation. On this record, however, the Court perceives no basis for initiating a *sua sponte* investigation of the jurisdictional amount in controversy issue at this time.